## GOODALL *vs.* RICHARDSON.

The defendant pledged two notes, signed by one Samuel Noyes, as collateral security for a debt due the plaintiff, which the plaintiff was to collect, and after deducting the amount of the defendant's debt, was to pay him the balance. The plaintiff then agreed with Noyes, that the latter should give him a new note, signed by himself and Benjamin Noyes, for the amount due on the old notes, with $15.00 in addition. The plaintiff computed the sum due on the old notes, but, by mistake, made it too small by $10.00, and for the sum thus computed, a new note was sent the plaintiff, who filed it with the old notes, which were never called for by Samuel Noyes.—*Held*, that under the circumstances, the new note could not be considered as payment of the old ones, and that the plaintiff was not chargeable with their amount.

The defendant pledged, as collateral security for a debt due the plaintiff, two notes, amounting to about seventy dollars, which the plaintiff was to collect, and deduct therefrom the sum due him. The maker possessed ample property from which the notes might have been collected, and the plaintiff delayed enforcing payment of them for five months, at the end of which time, the maker became insolvent. It was not suspected that he was embarrassed, nor did the

Goodall *v.* Richardson.

defendant request the plaintiff to collect the notes.—*Held,* that the plaintiff was not chargeable with their amount.

ASSUMPSIT, on a promissory note for $51.00, made by the defendant, and hereinafter described. There was, also, a count to recover a sum of money, alleged by the plaintiff to have been paid by him to the defendant by mistake, in the payment of sundry sums, collected by the plaintiff for the defendant.

The case was referred to an auditor, who reported that there was due the plaintiff, the sum of $56.03, on account of the note and interest thereon to the 30th of August, 1843, and also the sum of $12.68, on account of an overpayment by the plaintiff, for money collected for the defendant, unless the court should be of opinion, from the facts stated in the report, that said sums, or a part of them, are paid.

The facts stated in the report, are as follows :

On the seventh day of January, 1842, the defendant, Richardson, borrowed of the plaintiff, Goodall, fifty dollars, for which he gave the note declared on, for $51.00, payable on demand, with interest, and at the same time, lodged with said Goodall, as collateral security therefor, two notes, signed by one Samuel Noyes, of Haverhill, payable to the defendant, or order, on demand, with interest, and by him endorsed to one Luke Carter, for the benefit of said Goodall, upon which two notes, there was due, with interest to the 12th day of January, 1842, the sum of seventy-nine dollars and sixty-eight cents.

At the same time, it was agreed that the plaintiff should do nothing with said two notes, until the 13th day of January, 1842, when, if not paid, he should proceed to collect them, and of the avails, pay first the $51.00 note, with interest and costs, if any, and the balance to the defendant.

On the tenth day of said January, the defendant called upon the plaintiff, and told him he had seen Noyes, and found that he could not conveniently pay the notes until he got his returns from his lumber in the following July, and

that Noyes would soon be up to see about it, and it was then agreed between the plaintiff and defendant, that payment of the notes might be delayed until Noyes got his returns from his lumber as aforesaid, provided he would procure, as additional security for the demand due, the name of Benjamin Noyes, though at the same time, the defendant expressed his willingness to consent to the delay, without additional security.

On the eleventh day of said January, the said Samuel Noyes called upon the plaintiff, for the purpose of making an arrangement for delay in the payment of the notes, and an agreement was effected between them, by which, Noyes was to give the plaintiff a note signed by himself and Benj. Noyes, for the amount due on said two notes, and for the farther sum of fifteen dollars, for a sleigh, which Samuel Noyes agreed to buy of the plaintiff at that time, as a compensation for the delay.

The note was to be payable in the month of July following, and upon being executed and delivered, the two notes of Samuel Noyes were to be given up.

The plaintiff then made a computation of the amount due on the two notes, to which was added the price of the sleigh, and according to the computation, the whole amounted to eighty-five dollars, or to a sum so little variant therefrom, that the parties agreed to call it $85.00.

The auditor, however, finds that the amount due, including fifteen dollars for the sleigh, was ninety-four dollars and sixty-eight cents, and that the plaintiff made a mistake in his computation, of ten dollars.

By the agreement then made, the said Samuel was to return home, and send the note of himself and Benjamin Noyes for eighty-five dollars to the plaintiff, who was to keep the two old notes until called for by Samuel.

On the 12th day of said January, the said Samuel Noyes forwarded to the plaintiff a note of that date, signed by himself and said Benjamin Noyes for $85.00, payable to the

plaintiff or order, in the month of July then next, with interest, which the plaintiff, under the impression that it included the whole amount due on said two notes, and the price of the sleigh, then received as a performance on the part of the said Samuel, of the agreement between them as above stated.

The plaintiff then filed said $85.00 note, and made a memorandum on the back thereof in these words, " Samuel and Benjamin Noyes, Note 85.00 for old ones and cost and sleigh, July, 1842," and placed it in the wrapper which contained the two notes, and all were kept together until after the failure of Samuel and Benjamin Noyes, which occurred about the 20th day of June, 1842, Samuel never having called for the old notes or taken away the sleigh.

Upon the failure of Samuel and Benjamin Noyes, the plaintiff brought this suit, and in the month of July, 1842, having previously discovered the mistake in the aforesaid computation, he brought a suit against Samuel Noyes upon the two notes and obtained a judgment against him for the whole amount, but no satisfaction thereof.

The auditor farther finds that Samuel Noyes, at the time the plaintiff received the two notes, was considered good and possessed ample property out of which the amount of said two notes might have been collected, and so continued until the time of his failure as aforesaid, since which he has been utterly insolvent and destitute of property.

If the court should be of opinion upon this statement of the facts, that the plaintiff has made himself chargeable with the amount of the two notes of the said Samuel, then the auditor finds that the $51.00 note has been paid, and that nothing is due thereon, and finds due to the plaintiff from the defendant the sum of twelve dollars and sixty-eight cents upon the second count in the plaintiff's declaration.

*Morrison*, for the plaintiff. The arrangement between the plaintiff and Noyes was never carried into effect. Noyes was

to give a new note, with his brother's name for the old ones and $15.00. This he did not do, as there was a mistake in the computation. There can be no contract where there is an error going to the essence of the contract. 2 *Kent* 477.

Both parties were in error. Noyes could not have retained the amount of that error in his hands, as the mistake was discovered before the old note was given up. The contract was executory. No one of the things was done which the contract required. A new note was to be given for the amount of the old ones; they were to be cancelled, and the sleigh was to be delivered. Noyes still remained the debtor of the defendant.

If the proposed arrangement had been carried into effect, it would furnish no answer to this suit. The only excess was in the price of the sleigh. This did not injure the defendant. A pledgee cannot be made liable, unless his acts are injurious to the other party. 8 *N. H. Rep.* 66 ; 15 *Mass.* 316 ; 8 *Mass.* 51. Noyes failed before July, and no portion of the debt could be collected. The defendant assented to the delay, and cannot now complain of it. He has suffered no loss by any unauthorized act of the plaintiff.

*Hibbard*, for the defendant. If the plaintiff varied from the new contract that was made, he must take the consequences. The defendant was no party to any contract about the sleigh. The plaintiff made the notes his own by exceeding the authority given him. He took a new note, in his own name, from B. and S. Noyes, and included therein the price of the sleigh. This discharged the defendant. The plaintiff filed the note as if he meant to receive it in payment, and that such was his intention, is rendered probable, by the fact that Noyes was then solvent.

The plaintiff's bargain was usurious. This might be injurious to the defendant, for he might be delayed. If Noyes had remained solvent, the plaintiff would have received all the benefit of the speculation. He made an error of $10.00

but he received the $15.00 for the sleigh. This was usurious. Why should he now recover the $10.00 if he has already received more than that which he was not entitled to. If he had already made himself chargeable, the error of $10.00 in the settlement is not one for which the defendant is answerable.

GILCHRIST, J.   The two notes signed by Samuel Noyes, having been pledged by the defendant to the plaintiff as collateral security for the defendant's debt, the first question that arises here is, whether the plaintiff has so conducted in relation to them as to make himself chargeable with their amount.   It is contended that the reception of the $85.00 note is to be regarded as a payment of them, and that upon their payment, the plaintiff became answerable to the defendant for their amount, according to the contract.   Now a promissory note is regarded as payment of a preëxisting debt, where there is an express agreement to receive it as payment.   *Jaffrey* vs. *Cornish,* 10 *N. H. Rep.* 505.   Here there was an express agreement to receive in payment of the two notes, a note for a sum equal to their amount, with the addition of $15.00.   Such a note was never made, for there was an error in the computation of the sum due on them.   Now although the plaintiff not being aware of the mistake, received and filed the note, and supposed the agreement was complied with, yet as it was not complied with, why should he be charged ?   A mistake of fact like this, has never been held incapable of being corrected, and our opinion is, that as such a note was never received as the parties agreed should be given, the two old notes cannot be regarded as paid.

It is said that as the plaintiff delayed collecting the two notes until the failure of B. and S. Noyes, and as they were solvent when the notes were given, he should for this reason be charged.   But the defendant never suspected that Samuel Noyes was embarrassed, and never requested the plaintiff to commence a suit on the notes.   If there were any reason to

fear that he would fail, the defendant should have known it, and should have notified the plaintiff.   If there were no reason to suspect it, then no negligence can be imputed to the plaintiff.   It certainly cannot be regarded as negligent, that he did not compel a man of ample property to pay a debt of seventy or eighty dollars for the period of five months.

The opinion of the court is, that this action should be sustained for the $51.00 note, and for the sum of $12.68, according to the report, and for these sums there should be

*Judgment for the plaintiff.*